UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 10-20233

HON. DENISE PAGE HOOD

v.

MATTHEW BROWN (D-1),

    Defendant.
_____/

ORDER REGARDING DEFENDANT'S MOTION FOR
JUDGMENT OF ACQUITTAL OR FOR NEW TRIAL

I.    BACKGROUND

A First Superseding Indictment was filed on March 10, 2011 charging Defendant Matthew Brown with two counts: Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B) (Count One) and Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2) (Count Two). (Doc. #28) A jury trial was held. On December 16, 2011, the jury found Brown guilty on Counts One and Two. (Doc. #48)

Brown filed a Combined Motion for Judgment of Acquittal and Motion for New Trial on March 8, 2012. Brown argues that the Government failed to present sufficient evidence to support the conclusion that Brown is guilty of knowing possession and receipt of child pornography. Brown further argues that the Court erred in precluding the statements made by Brown through other witnesses, including his wife or an agent. The Government responds that there was sufficient evidence at trial to support a guilty finding on the possession and receipt charges and that the Court did not err in precluding Brown's statements made by way of other witnesses.

II.    ANALYSIS

     **A.**     **Motion for Judgment of Acquittal under Fed. R. Crim. P. 29 Standard**

Brown requests a judgment of acquittal under Fed. R. Crim. P. 29 based on insufficient evidence to support the child pornography possession and receipt convictions. To support a motion for judgment of acquittal the court must consider, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caseer*, 399 F.3d 828, 839-40 (6th Cir. 2005); *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). A defendant claiming insufficiency of the evidence bears a heavy burden. *United States v. Jackson*, 473 F.33d 660, 669 (6th Cir. 2007). The Court is bound to make all reasonable inferences and credibility choices in support of the jury's verdict. *Id*. at 669-70. The question is merely one of legal sufficiency; the court does not substitute its judgment for that of the jury, independently weigh the evidence, or judge the credibility of trial witnesses. *United States v. Ramirez,* 635 F.3d 249, 255-56 (6th Cir. 2011). There is a strong presumption in favor of sustaining a jury conviction. *United States v. Peters,* 15 F.3d 540, 544 (6th Cir. 1994).

     **B.**     **Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B) (Count One)**

The Government must establish beyond a reasonable doubt at trial the essential elements of unlawful possession of child pornography–that defendant knowingly possessed child pornography that was transported using interstate or foreign commerce. 18 U.S.C. § 2252(a)(5)(B); *United States v. Oufnac,* 2011 WL 6005200 (6th Cir. Dec. 11, 2011)(unpublished). Brown argues that the Government's evidence presented at trial was insufficient because the Government failed to prove that Brown knowingly possessed the digital images found in the family's shared desktop. Brown asserts that there was testimony that other adults had access to the computer, specifically, Brown's

mother and wife, and the 25 year old babysitter. Brown claims the evidence presented was scant as to whether any images were stored in the computer's hard drive and that only two images were found in the unallocated and inaccessible part of the hard drive. Brown argues that the Government's evidence regarding undercover LimeWire sessions cannot supply the evidence that the images were stored in the family computer. Brown notes that the Government's own expert witness admitted that IP addresses can be hijacked or spoofed and computers can be remotely accessed as a result of malware, making it appear as though a computer is functioning in a way that it is not actually behaving. Brown asserts that the alleged confession he made at the time the search warrant was executed at the home was insufficient to prove he possessed the images. Brown argues that absent any forensic analysis demonstrating that the child pornography images were saved in the allocated and accessible portion of the computer, the Government failed to prove that Brown possessed the child pornographic images.

In response, the Government argues it presented sufficient evidence to show Brown knowingly possessed child pornography. The first evidence was the Federal Bureau of Investigation's ("FBI's") Special Agent Barry Couch's testimony that he conducted and recorded an undercover peer-to-peer session using an enhanced version of LimeWire on December 3, 2009. Agent Couch connected with the computer at issue and downloaded 25 images containing titles consistent with child pornography. Agent Couch determined that the exact location of the computer was at Brown's home.

The second evidence presented by the Government was the testimony of FBI Special Agent Anthony Draudelt regarding his examination of the computer seized at Brown's home. Agent Draudelt testified that he found LimeWire logs, link files and images of child pornography. Agent

Draudelt indicated that a user had installed the LimeWire program in order to download child pornography, which requires an affirmative action by the user. The LimeWire logs correlated with the images Agent Couch downloaded in his session with the computer on December 3, 2009. The Government asserts that the desktop hard drive was not the only computer in the home where the agents found evidence of child pornography and related LimeWire logs. The agents located a LimeWire log on the wife's laptop computer. In addition, the Government presented evidence that someone viewed child pornography on the desktop computer by way of a link file found on the desktop computer hard drive. The images downloaded by Agent Couch were found on Brown's computer two months after the session. Agent Kraudelt testified, conceded to by Brown's expert, that the files associated with child pornography did not pre-date the time the Brown's purchased the computer on October 2009.

The third evidence the Government points to at trial was Brown's own statements to the agents when the search was executed at the home. FBI Agent Jason Bollinger testified that Brown admitted he installed LimeWire on the desktop computer and had used it to download and view child pornographic images.

Based on the evidence presented at trial, the Court finds that Brown has not carried his heavy burden under Rule 29. After making all reasonable inferences and credibility findings to support the verdict, the Court concludes that the jury's finding of guilt as to the possession of child pornography charge was based on legally sufficient evidence and testimony at trial. Brown's argument that there was insufficient evidence presented at trial is not supported, in light of the testimonies of Agents Couch, Kraudelt, and Bollinger. It was the jury's province to judge the credibility of the Agents' testimony, including that of Bollinger as to what occurred during the

search of the home and as to Brown's statements to the agents at that time. The Court is not permitted to judge the credibility of the witnesses under Rule 29. *Ramirez,* 635 F.3d at 255-56. The Court will not substitute its judgment for that of the jury, independently weigh the evidence, nor judge the credibility of trial witnesses. Any discrepancies in the Agents' testimonies were vigorously cross-examined by defense counsel. The jury found Brown guilty in spite of any discrepancies in the Agents' testimonies, finding that their testimonies were credible as to what was found on the two computers at Brown's home and Brown's statements to the Agents during the search warrant. The jury had the opportunity to consider whether the other adults who had access to the computers possessed child pornography instead of Brown. Even with this evidence, the jury found Brown guilty of knowingly possessing child pornography. The evidence at trial, viewed in the light most favorable to the Government, supports the jury's verdict that Brown knowingly possessed child pornography. *Caseer,* 399 F.3d at 839.

### C. Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2) (Count Two)

Brown asserts that there was also insufficient evidence to support a guilty verdict on the receipt of child pornography charge, arguing that the Government failed to provide Brown knowingly received two files of an identical video through the LimeWire network. Brown asserts that there was no evidence showing that the videos were ever opened, viewed, or accessed. Brown argues that the videos were saved on the computer within one to two minutes after the installation of LimeWire. Brown asserts that a Trojan downloaded virus was also downloaded on the computer via LimeWire at approximately the same time, which was deposited into the same folder, making it possible that the virus resulted in the propagation of the videos and not by a human user of the computer. Brown states that the same video was downloaded twice–one into a shared file and the

5

other into an incomplete file, even though the video was fully downloaded and not incomplete. Brown claims that it was more probable that a virus caused the downloading of these two identical videos. Brown asserts that his statement to Agent Bollinger does not overcome this lack of proof. At most, Brown claims he only admitted to viewing 100 *photos* of child pornography, not videos of child pornography. Brown argues that the jury's verdict on the receipt of child pornography charge should be set aside.

The Government responds that the evidence extracted by Agent Kraudelt and Brown's expert, Vassel, supports the guilty verdict that Brown knowingly received the two videos of child pornography. The LimeWire logs confirmed that a user took affirmative steps to download and save the files to the computer. The Government argues that Agent Kraudelt's testimony that finding a virus in a music file on November 10, 2009, four minutes after the installation of LimeWire did not hinder the functionality of the peer-to-peer program, disputes Brown's claim that a virus downloaded the videos, instead of a human user. Agent Kraudelt testified that the virus was "inactive", but the file in which the virus was embedded suggests that the file was inadvertently acquired while a user was attempting to download child pornography. The Government argues that the testimonies of Agents Kraudelt and Couch, and Brown's own expert, that there exists no virus which would cause LimeWire to download child pornography, absent the direction of a user, support the jury's verdict.

As to Brown's claim that the videos were never opened, the Government argues Brown completely ignored his own expert's testimony that the computer's most recently used files showed that a user at the computer accessed and played one of the saved videos of child pornography, not long before the execution of the search warrant.

Based on the evidence presented at trial, both by the Government and the defense, there is sufficient evidence to support the jury's finding that Brown knowingly received child pornography. Without weighing the witnesses' credibility, which this Court cannot do in a Rule 29 motion, the jury's verdict supports the finding that Brown downloaded the two videos of child pornography. The jury was free to consider the testimonies of the Agents and Brown's own expert as to whether a virus downloaded the child pornography rather than a human user. The jury returned with a verdict of guilty on the receipt of child pornography charge. The Court denies Brown's Rule 29 motion on Count Two.

**B.    Motion for New Trial under Fed. R. Crim. P. 33**

Alternatively, Brown seeks a new trial under Rule 33 "in the interest of justice" based on the Court's ruling that Brown's wife or the Agents, could not testify as to the questions asked by the Agents of Brown. Brown asserts the Court erred in refusing to allow testimony on the questions asked by the Agents posed to Brown at the time the search warrant was executed. The Government responds that the Court did not err in not allowing testimony as to the questions posed by the Agents to Brown.

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When faced with a Rule 33 motion, unlike a motion for judgment of acquittal under Rule 29, the district court may weigh the evidence and assess the credibility of the witnesses; "[i]t has often been said that [the trial judge] sits as a thirteenth juror" when considering a Rule 33 motion. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). A motion for new trial is premised on the argument that the jury's verdict was against the manifest weight of the evidence.

7

*United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Such motions are generally granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict. *Id.* at 592-93. In general, motions for a new trial are disfavored and should be granted with caution. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991). A district court's decision to admit or exclude evidence is reviewed for abuse of discretion and, even if an abuse is found, a new trial is not required unless the defendant's substantial rights were affected by the admission or exclusion of the evidence. *See, United States v. Bonds,* 12 F.3d 540, 554 (6th Cir. 1993); Fed. R. Crim. P. 52(a).

Contrary to Brown's assertion in his motion, the Court allowed Brown's wife to testify as to the questions posed by the Agents to Brown. Brown himself also testified at trial, although the Court did not allow Brown to testify to the questions posed by the Agents to him. The Court had found that the questions posed by the Agents to Brown was hearsay. The questions posed by the Agents were not statements made by Brown. Even if Brown testified at trial, he could not testify to the questions posed since as a "declarant," the questions posed were not made by Brown. The jury had the opportunity to observe and consider Brown's version of his statements to the Agents. Any ruling excluding the questions posed by the Agents to Brown, if in error, did not affect Brown's substantial rights, including Brown's right to a fair trial or to confront the witnesses against Brown.

Viewing the evidence as a "thirteenth juror," the Court finds that the jury's verdict was not against the manifest weight of the evidence, with or without the evidence Brown claims should have been allowed into evidence. The Court finds that the jury's verdict was not against the manifest weight of the evidence presented at trial. Brown's alternative Motion for New Trial must be denied.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Matthew Brown's Amended Motion for Judgment of Acquittal under Fed. R. Civ. P. 29 and Motion for New Trial under Fed. R. Civ. P. 33 **(Doc. No. 59)** is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 28, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager