**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**MATTHEW BROWN (D-1),**

    **Defendant.**

_____/

Case No. 10-20233

HON. DENISE PAGE HOOD

## ORDER DENYING MOTION TO STAY PENDING APPEAL

After a jury trial, on December 18, 2012, the Court imposed a sentence of 60 months of imprisonment, to be served concurrently, against Defendant Matthew Brown on two counts of Posession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B) and Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2). Brown filed a Notice of Appeal on January 21, 2013. On February 26, 2013, Brown filed the instant Motion to Stay Pending Appeal seeking release on bond pending his appeal pursuant to 18 U.S.C. § 3143(b)(1). The Government filed a response opposing the motion on March 1, 2013.

A motion for detention pending appeal is governed by 18 U.S.C. § 3143(b):

**(b) Release or detention pending appeal by defendant.--**

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; ***and***
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> > > (i) reversal,
> > > (ii) an order for a new trial,
> > > (iii) a sentence that does not include a term of imprisonment, or

> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
>
> > (2) The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, ***be detained.***

18 U.S.C. 3143(b) (emphasis added). Section 3142(f)(1)(A) provides for detention in a case that involves a crime of violence. 18 U.S.C. § 3142(f)(1)(A). For purposes of the bail and detention statutes, a "crime of violence" includes "any felony under chapter 110." 18 U.S.C. § 3156(a)(5)(C). The child pornography possession statute under which defendant was convicted, 18 U.S.C. § 2252A(a)(5)(B), is codified in Chapter 110-Sexual Exploitation and Other Abuse of Children. *See United States v. Mellies,* 496 F.Supp.2d 930, 932 (M.D. Tenn. 2007).

As noted above, Brown moved for a release pending his appeal under Section 3143(b)(1). However, that section is inapplicable because Brown was convicted of a "crime of violence" as defined under Section 3156(a)(5)(C). Section 3143(b)(2) applies which requires that the judicial officer "shall" order Brown "be detained" pending an appeal. The Court has no authority to release Brown pending an appeal under Section 3143(b)(2).

Accordingly,

IT IS ORDERED that Matthew Brown's Motion to Stay Pending Appeal **(Doc. No. 83, filed 2/26/13)** is DENIED.

> S/Denise Page Hood
> Denise Page Hood
> United States District Judge

Dated: March 6, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2013, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager