# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                 Case No. 10-20233

v.

                                      HON. DENISE PAGE HOOD

MATTHEW BROWN,

    Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE [#110]

On December 16, 2011, Defendant was convicted of knowingly receiving and possessing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B). On December 18, 2012, Defendant was sentenced to 60 months imprisonment, to be followed by 10 years supervised release. After serving his sentence, Defendant's supervised release period commenced on November 10, 2016. On May 24, 2019, Defendant filed a Motion to Terminate Supervised Release, to which the Government filed a response. The Probation Department also filed a memo with the Court regarding Defendant's supervised release period.

It is undisputed that Defendant has complied with all terms of his supervised release for the last two-and-a-half years, including successfully completing sex offender therapy. And, the Probation Department's memo provides, in part:

A. "[T]he probation department finds no evidence of risk to community safety during [Defendant's] term of supervised release."

B. "In summary, the probation department is not currently providing any services to the client, nor do we believe he is in need of any transitional services. [Defendant] has demonstrated a successful reintegration into society and has shown no signs he will deteriorate."

The Government acknowledges Defendant's compliance with the terms of his supervised release, but it argues that early termination of supervised release should be granted only in unusual circumstances, such as "exceptionally good behavior." Citing *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). The Government contends that Defendant has done no more than comply with the terms of his supervised release – which is not exceptional or unusual – and the statute pursuant to which he was convicted imposes a minimum five-year term of supervised release. *See* 18 U.S.C. § 3583(k), which provides, in relevant part:

> Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 1594(c), 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life.

For those reasons, the Government asserts that Defendant's supervised release should not be terminated at this time or at any time prior to the minimum supervised release period of five years.

The Court concludes that Defendant's motion should be denied at this time. The Court imposed a ten-year term of supervised release, and Defendant has been on supervised release for only about 25% of that period. Although Defendant's conduct while on supervised release has been compliant and without incident, the Court imposed a ten-year supervised release term for valid reasons. The Court believes that terminating his supervised release after a little more than 25% of the imposed supervised release term would not be in the interests of justice.

Accordingly, for the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Terminate Supervised Release [ECF No. 110] is **DENIED WITHOUT PREJUDICE**.

IT IS ORDERED.

                                                s/Denise Page Hood
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: July 3, 2019